IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR G.R.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Civil No. 1:26-cv-08815-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART<br><br>A# 222-553-320 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Cesar G.R.[1] was admitted to the United States as a nonimmigrant visitor for pleasure on or about August 14, 2022, with authorization to remain through October 10, 2022. *See Cesar G.R. v. Warden, California City Det. Facility*, No. 1:26-cv-04231-MWJS, 2026 WL 1765351, at *1 (E.D. Cal. June 18, 2026). He remained in the country beyond that date without authorization. *Id.*

After Petitioner was arrested by local law enforcement for driving without a valid license in April 2026, he was transferred to Immigration and Customs

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Enforcement (ICE) custody. *Id.* ICE commenced removal proceedings against Petitioner, and he remains detained while those proceedings are ongoing. *Id.*

In an earlier habeas action, Petitioner sought his immediate release or a bond hearing. *Id.* The court dismissed that petition without prejudice because Petitioner had not requested a bond hearing from the agency prior to seeking habeas relief. *Id.* at *3.

On October 22, 2026, Petitioner signed the petition for writ of habeas corpus now before the court. Dkt. No. 1, at pg. 15. In this petition, Petitioner argues that he is being detained in violation of the Fifth Amendment's Due Process Clause. *Id.* at pg. 13. Again, Petitioner seeks his immediate release or a bond hearing. *Id.* at pg. 14. Petitioner attached to the petition a motion for bond hearing that he had signed on August 19, 2026. *Id.* at pg. 17. According to Petitioner, he received no response regarding his motion from the immigration court. *Id.* at pg. 6.

Respondent filed an answer to the petition on November 6, 2026. Dkt. No. 8. In their answer, Respondent does not dispute that Petitioner is entitled to a bond hearing. *Id.* at pg. 1. According to Respondent, the Executive Office for Immigration Review (EOIR) never received Petitioner's motion for a bond hearing. *Id.* Respondent therefore requested that EOIR accept the motion. *Id.* No hearing was set on the motion by the time Respondent filed their answer. *Id.* Petitioner did not file a reply.

The court has already concluded that Petitioner is detained under 8 U.S.C. § 1226(a), and nothing in the current record suggests that the relevant detention

authority has changed. *See Cesar G.R.*, 2026 WL 1765351, at *2. Many courts have granted bond hearings in cases analogous to this one—that is, where a visa overstay is detained without any additional, prior contacts with immigration authorities. *See, e.g.*, *Wan v. Mullin*, No. 5:26-cv-5352-RAO, 2026 WL 2886399, at *3 (C.D. Cal. Sept. 25, 2026); *see also Chudi v. Chestnut*, No. 1:26-cv-07980-JLT-CDB, 2026 WL 3371683, at *4 (E.D. Cal. Nov. 6, 2026) ("Time and again, this Court has found that where a petitioner overstays their nonimmigrant visa and is later detained by DHS as removable under 8 U.S.C. § 1227(a)(1)(B), . . . they are entitled only to the relief afforded by applicable regulations."); *Hu v. Mullin*, No. 5:26-cv-05539 ADS, 2026 WL 3270731, *4 (C.D. Cal. Oct. 30, 2026) ("A bond hearing, as opposed to release, is the appropriate remedy when a noncitizen is present without admission or is a visa overstay and is now detained for the first time under 8 U.S.C. § 1226(a)."); *Alene v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-07355-JLT-FJS, 2026 WL 3082895 (E.D. Cal. Oct. 15, 2026) ("[G]iven that Petitioner overstayed [their] visa, Petitioner is only entitled to the relief afforded by applicable regulations."). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. Thus, Petitioner is entitled to a bond hearing.

To the extent Petitioner seeks immediate release based on the duration of his detention, the Ninth Circuit has held that the government's detention authority under 8 U.S.C. § 1226(a) is "limited to the period reasonably necessary to bring about an

alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (cleaned up). Although such authority might yield to constitutional considerations when a noncitizen is "stuck in a removable-but-unremovable limbo," the lack of a certain end date, without more, does not render a noncitizen's detention indefinite. *Id.* A noncitizen detained under 8 U.S.C. § 1226(a) "remains *capable* of being removed—even if it has not yet finally been determined that he *should* be removed—and so the government retains an interest in assuring his presence at removal." *Id.* at 1965 (cleaned up).

At various points, Petitioner notes that he has been detained for more than six months. *See, e.g.*, Dkt. No. 1, at pg. 2. The fact that a period of detention under 8 U.S.C. § 1226(a) extends even far beyond six months does not necessarily mean that it is indefinite. *Prieto-Romero*, 534 F.3d at 1068 (concluding that non-citizen's three-plus years of detention under 8 U.S.C. § 1226(a) was lawful). And Petitioner does not explain why nor does anything in the current record suggest that Petitioner's current detention is not reasonably necessary to bring about his removal.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends that he is entitled to a bond hearing. Respondent is ENJOINED AND RESTRAINED from continuing to detain Petitioner unless Respondent

demonstrates, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. If Petitioner requests additional time before the immigration court, the time for Respondent to comply with the bond hearing order is automatically extended. Any representation by Petitioner in immigration court that he is not prepared to go forward should be treated as a request for a continuance rather than a withdrawal of the bond hearing request. Respondent shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available. If the hearing is continued, Respondent must provide the date of the hearing within ten days of this order.

Considering the foregoing, Petitioner's motion for appointment of counsel, Dkt. No. 3, is DENIED as moot. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

//

//

//

//

//

IT IS SO ORDERED.

DATED: November 17, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge